1

2

Law Office of Douglas K. Mertz
3   319 Seward Street, Suite 5
Juneau, Alaska 99801
4   (907) 586-4004
5   (907) 586-4141 [fax]
dkmertz@ak.net

6

7                IN THE UNITED STATES DISTRICT COURT

8                    FOR THE DISTRICT OF ALASKA

9   JOSEPH FREDERICK,                    )
                                         )
10              Plaintiff,               )        No. JO2 008 CV (JWS)
                                         )
11      vs.                              )
                                         )
12                                       )
DEBORAH MORSE and the JUNEAU             )
13  SCHOOL BOARD,                        )
                                         )
14              Defendants.              )
                                         )
15  _____     )

16      **PLAINTIFF'S OPPOSITION TO RENEWED SUGGESTION OF MOOTNESS**
17      **AND CROSS-SUGGESTION REGARDING RELIEF ON REMAND**

18              The Court of Appeals has remanded this case to the District Court to determine what

19  happens next.  The defendants suggest that the Supreme Court decision requires a dismissal of part

20  of the case and that the rest should be dismissed as moot.   The plaintiff believes both suggestions

21  are way off the mark and would deny the plaintiff his opportunity to prove his case. The memoranda

22  filed by both sides, which this court now has, set out the legal arguments.  This memorandum

    summarizes the alternatives we believe this court should adopt.

23

24                                  *Federal Issues*

25              As to the federal issues, the Supreme Court created a narrow exception to the First

26  Amendment for student statements that promote illegal drug use.  But a clear majority of the Court

27                                       1

28

1
2
3

– Justices Alito, Kennedy, Souter, Ginsburg, and Stevens – clearly believe this exception would not apply when there was a plausible social or political motive for the expression. If so, the *Tinker*[1] standard for evaluating student speech applies. The plaintiff has the right to show that this is the situation here. This court never considered the question of whether there was a social or political purpose behind the banner, for the obvious reason that before the Supreme Court decision, this rule did not exist. Now it does, and he has the right to make that proof. Therefore we ask the court to set the case for trial to consider this issue.

### State Issues

The plaintiff alleged a violation of the Alaska Constitution's free speech provisions as well. This court dismissed that count on the belief that the plaintiff had to show lack of a compelling state interest in punishing the student expression. The court's ruling was appealed to the Court of Appeals, which declined to reach it since it reversed on the federal issues. Now that the Supreme Court reversed on the federal issues – also without considering the state issues – this court's ruling on the state issues should be back in the Court of Appeals. Since the Court of Appeals remanded the whole case without considering whether the state issues should be retained, this court is left with several options as the state issues:

1) It can reconsider its original dismissal and require full briefing on the state issues, as opposed to the limited briefing that occurred earlier, and then render a decision;

2) It can certify the issues of state law to the Alaska Supreme Court, thus arranging for a definitive resolution of the state law issues; or

3) it can note that its earlier ruling dismissing the state count still stands, in which case the appeal would, logically, still be alive and the parties can return to the Court of Appeals.

---

[1] Tinker v. Des Moines Independent School District, 393 U.S. 503 (1969).

**Law Office of Douglas K. Mertz**
319 Seward Street, Suite 5, Juneau, Alaska 99801
(907) 586-4004, 586-4141 [fax], dkmertz@ak.net

The alternative suggested by the defendants, to simply dismiss the state count as moot, is not appropriate since the claims for declaratory relief, injunctive relief, and damages against the board itself (as opposed to the individual members) are very much alive and in dispute, since the defendants have declared in their pleadings that they will continue to punish student speech in the same circumstances.   A dismissal of the state law issue on this grounds would deny the plaintiff a ruling on the merits and mean we would have to trek back to the Court of Appeals once again.

A proposed order is attached.


Dated: September 20, 2007

/s/ Douglas K. Mertz

_____

Law Office of Douglas K. Mertz
319 Seward Street, Ste 5
Juneau, Alaska 99801
907 586-4004
907 586-4141 [fax]
dkmertz@ak.net [email]
Alaska Bar No. 7505027

Attorney for Joseph Frederick


**Certificate of Service**

I hereby certify that on this date a copy of this pleading and the attached proposed order were served on counsel for the defendants, David Crosby, by U.S. mail to 5280 Thane Road, Juneau, Alaska 99801.


Date: September 20, 2007          /s/ Douglas K. Mertz

_____

3

Law Office of Douglas K. Mertz
319 Seward Street, Suite 5, Juneau, Alaska 99801
(907) 586-4004, 586-4141 [fax], dkmertz@ak.net