Law Office of Douglas K. Mertz
319 Seward Street, Suite 5
Juneau, Alaska 99801
(907) 586-4004
(907) 586-4141 [fax]
dkmertz@ak.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH FREDERICK,            )<br>                              )<br>      Plaintiff,             )<br>                              )<br>vs.                           )<br>                              )<br>DEBORAH MORSE and the JUNEAU  )<br>SCHOOL BOARD,                 )<br>                              )<br>      Defendants.            )<br>_____) | No. JO2 008 CV (JWS) |

### MOTION TO QUASH DEPOSITION NOTICE AND FINANCIAL DISCOVERY

The defendants in this case have set on a deposition of Joseph Frederick for February 1, 2008, in Juneau, Alaska, and sent interrogatories and requests for production, due January 25, 2008, in an attempt to discover assets to execute upon to obtain payment of costs assessed against Mr. Frederick by this court. Mr. Frederick is willing to cooperate but is living and teaching in China, lacks any assets that can be executed against, and does not have the funds to return to Alaska for a deposition. The defendants' attorney has been apprised of these facts and is aware that the case is on appeal to the U.S. Court of Appeals so the judgment is not final and may change. Yet Mr. Crosby refuses to set off the deposition or halt the discovery. It is apparent that defendants' objective is to harass Mr. Frederick and perhaps to cause him to lose his job in China by forcing him to return here. This is not a proper purpose of discovery, and so the notice of deposition should be quashed until such time as the appeals are over and there is a

final judgment; and if any deposition is held now, it should be held telephonically, as we have offered and the defendants have refused.

**Basic Facts**

This court issued its final judgment, including an assessment of costs against Mr. Frederick, on October 23, 2007. A Notice of Appeal was filed November 20, 2007. (The appeal is now in the briefing stage.) On December 19, 2007, with no prior discussion with opposing counsel, defense counsel Crosby sent the undersigned a Notice of Deposition, interrogatories, and requests for production for Joseph Frederick.[1]

The undersigned informed Mr. Crosby that Mr. Frederick is still in China and is unable to afford to come to Juneau for a deposition and that he had no assets to seize anyway. We told him we had an affidavit by Mr. Frederick stating these facts and offered to send the affidavit to him; Mr. Crosby refused it. (A copy is attached for the court's benefit.)

The undersigned told Mr. Crosby that if he insisted on a deposition anyway, we could do so by telephone. Mr. Crosby refused.

The undersigned told Mr. Crosby that although Mr. Frederick had not yet been able to provide us with answers to the discovery requests, we can provide him with the information he wants informally until the slow mail service brings all that is needed for a formal response. Mr. Crosby refused.

Thus at this point, Mr. Crosby is insisting that Mr. Frederick leave his teaching job in China and fly to Juneau at his own expense for a deposition in Juneau. We have offered a

---

[1] No subpoena to appear at the deposition was served. We assume Mr. Crosby will move for sanctions under FRCP 37 if Mr. Frederick is unable to appear.

2

telephonic deposition instead and to supply all the information he wants informally, but Mr. Crosby refuses and is insisting on the deposition in Juneau and on formal answers. In his response to our request for a more reasonable procedure, Mr. Crosby justified his insistence on a personal appearance by claiming that Mr. Frederick went to Washington for the Supreme Court oral argument and came to Juneau last summer at this own expense. Both claims are false. Mr. Frederick remained in China for the Supreme Court argument because he lacked the funds to fly and could not justify leaving his job. And he was in Juneau last summer despite lack of funds, only because several civic-minded citizens paid his way to Juneau so he could participate in a free speech float in the Fourth of July parade. (See attached Mertz declaration.)

### The Effect of this Tactic on Mr. Frederick

Joe Frederick simply cannot afford to fly to Juneau for the deposition, as his affidavit states. He doesn't have the money. He has no assets and his teaching salary is so low it is exempt from seizure. (As his affidavit states, his salary is $650 per month. Alaska Statute 09.38.030 exempts net earnings below $350 per week.) Even if he did have it, he would have to leave his job teaching at a Chinese high school and his own college studies in China. The burden on him from having to appear is not only heavy, in view of his lack of funds, it is impossible.[2]

Mr. Frederick has offered a sensible alternative: A telephone deposition and informally providing the requested information. This would give the defendants anything they could possibly need while avoiding requiring Mr. Frederick to do the impossible.

---

[2] It is worth noting that when this case started, Joseph Frederick's father was fired by the School District's insurance company, where he was the risk manager, for refusing to pressure Joseph into dropping the case. Frank Frederick sued in state court and won following a jury trial, Frederick v. Haywood, No.1JU-04-631 CI, but still lost his job. As a result, he took a job teaching English in China, and Joseph went with him, also teaching English. If Joseph is forced to leave his job to return for a deposition here, both the father and son will have lost their jobs because of unreasonable acts on behalf of the defendants.

3

Meantime, there is real doubt as to whether any discovery with an eye to seizure of assets is even proper. The case is on appeal. It is entirely possible that by the time it ends, the defendants (or their insurance company, which is paying for the defense) will owe Mr. Frederick a judgment. So all of this is premature and improper at this time.

Therefore, we ask the court to quash the notice of deposition, interrogatories and requests for production as premature and overly burdensome on a party who is willing to cooperate but unable to comply with unreasonable demands.

Dated: January 22, 2008

/s/ Douglas K. Mertz
_____
Law Office of Douglas K. Mertz
319 Seward Street, Ste 5
Juneau, Alaska 99801
907 586-4004
907 586-4141 [fax]
dkmertz@ak.net [email]
Alaska Bar No. 7505027

Attorney for Joseph Frederick

### Certificate of Service

I hereby certify that on this date a copy of this pleading and the attached proposed order were served on counsel for the defendants, David Crosby, by U.S. mail to 5280 Thane Road, Juneau, Alaska 99801.

Date: January 22, 2008     /s/ Douglas K. Mertz
_____

4

Law Office of Douglas K. Mertz
319 Seward Street, Suite 5
Juneau, Alaska 99801
(907) 586-4004
(907) 586-4141 [fax]
dkmertz@ak.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| JOSEPH FRERICK, | ) | |
|---|---|---|
| Plaintiff, | ) | No. J02 008 CV (JWS) |
| vs. | ) | |
| DEBORAH MORSE and the JUNEAU SCHOOL BOARD, | ) | |
| Defendants. | ) | |

**DECLARATION OF DOUGLAS K. MERTZ**

Douglas K. Mertz, declares and states on oath as follows:

1. I am the attorney for Joseph Frederick in this matter.

2. In late December, 2007, I received a notice of deposition to Joseph Frederick as "judgment debtor," setting on a deposition for February 1, 2008, and several interrogatories and requests for production related to his financial status. I sent them on to Mr. Frederick, who is living and teaching high school English in the Peoples Republic of China.

3. Mr. Frederick confirmed for me that he could not afford to fly back to Juneau as requested and

1

did not have a lot of the materials requested with him. He also said he could not leave his job at the school but would send an affidavit about his assets and earnings, work on the other information requested, and would do his deposition by telephone if needed.

4. I did receive his affidavit from him, after a lengthy delay in the mail. It is attached as exhibit A.

5. I wrote to David Crosby, attorney for the School Board defendants, related what Mr. Frederick had told me about his inability to come to Juneau, and offered a telephone deposition instead. I also pointed out that the case was not yet final and it was not at all clear that Mr. Frederick would ever end up owing money to the defendants. I also offered him Mr. Frederick's affidavit showing that he had no assets that could be seized anyway. (My email to Mr. Crosby and his response are attached as exhibit B.)

6. Mr. Crosby responded (exhibit B) refusing to substitute a telephonic deposition and refusing my offer to provide the materials he wanted informally. He also refused to even look at Mr. Frederick's affidavit attesting that he had no seizable assets.

7. Mr. Crosby, in the attached email response, claims that he is justified in requiring Mr. Frederick to travel to Juneau because Mr. Frederick supposedly traveled at this own expense to Washington D.C. for the Supreme Court oral argument in this case and to Juneau last summer. These claims are completely wrong. He could not come to the oral argument, because he lacked the funds and could not leave his teaching job in China; I know he remained there since I called him in China right after the argument. And he did not come to Juneau last summer at this own expense; my office arranged for his way to be paid to Juneau by several interested citizens who wanted him to be part of a Fourth of July Parade float in support of Free Speech.

2

Dated: January 22, 2008

/s/ Douglas K. Mertz
_____
Law Office of Douglas K. Mertz
319 Seward Street, Ste 5
Juneau, Alaska 99801
907 586-4004
907 586-4141 [fax]
dkmertz@ak.net [email]
Alaska Bar No. 7505027

Attorney for Joseph Frederick

**Law Office of Douglas K. Mertz**
319 Seward Street, Suite 5, Juneau, Alaska 99801
(907) 586-4004, 586-4141 [fax], dkmertz@ak.net

3

# AFFIDAVIT

The following sworn statement is true and correct to the very best of my knowledge.

1. That my name is Joseph Baker Frederick.

2. That my current residence is in the Peoples Republic of China.

3. That I teach English at a University in China.

4. That my teaching salary is approximately $650 USD per month.

5. That I am also a student studying the Mandarin Chinese language and Chinese history.

6. That my current teaching salary covers my living expenses, tuition, and books with basically nothing left over.

7. That I have no current assets in the United States or in the Peoples Republic of China or anywhere else.

8. That I do not own any property, vehicles, or have any bank accounts in the United States.

9. That I owe on both a Visa and MasterCard credit card, and I have been unable to make payments on these cards and I have been in default.

10. That I may have to consider a personal bankruptcy when I return to the United States.

11. That I will consider all my options upon my return.

12. That I have a single Chinese bank account that has minimal savings and is utilized for the deposit of my monthly teaching salary.

The above information is sworn and attested to this day __2-4__ of December 2007 as being true and correct.

_____
Joseph Baker Frederick

A-1

I hereby certify that I am an official authorized to take acknowledgments and that Joseph Frederick appeared before me on this date and made the above sworn statement.

name 张蓓

title 盖洛普外国语培训学校 校长.

date 12/24/07

A-2

**Subject:** Re: Attempts at execution
**From:** "David C. Crosby" <crosbylaw@gci.net>
**Date:** Fri, 18 Jan 2008 16:07:18 -0900
**To:** Doug Mertz <dkmertz@ak.net>
**CC:** Peggy Cowan <cowanp@jsd.k12.ak.us>, Deborah Morse <morsed@jsd.k12.ak.us>, Ann Gifford <agifford@faulknerbanfield.com>, Jeff Bush <jbush@akpei.com>, Tim Allen <tim_allen@ci.juneau.ak.us>, Eric Hagen <ehagen@kirkland.com>

Doug:

The best way to handle this is for your client to comply with the Federal Rules and respond to the discovery requests.

I am not interested in your informal characterizations of his present circumstances or an affidavit or declaration from your client, unless it addresses and fully responds to my discovery requests.

I am flexible on a deposition date, but must insist on receiving timely written answers to my interrogatories and requests for production first. As you know, these are due on Friday.

Your client chose the forum and chooses to pursue this litigation despite losing in the Supreme Court and having his remaining claims dismissed by the district court as moot. If he has the financial wherewithal to attend high profile Supreme Court proceedings and to return to Juneau for Fourth of July Parades and publicity appearances, he can make himself available for the normal discovery contemplated by the federal rules, just like any any other litigant.

If you feel you have grounds for a protective order, by all means make your motion to Judge Sedwick.

David


On 1/18/08 3:36 PM, "Douglas Mertz" <dkmertz@ak.net> wrote:

> David, it is time for us to discuss where you are headed in your attempt
> to execute against Joe Frederick's assets. These are the points I'd like
> your clients to consider:
>
> 1. Joe is unable to pay anything now. His monthly salary as a teacher in
> China is only $650 (US) per month, which covers his living expenses,
> tuition for university courses, and books, with nothing left over. He
> does not have any other assets, in China or the U.S. or elsewhere. It
> appears that all his income is well within the amount protected from
> execution, even if you could find a way to levy on it in China.
>
> 2. He is unable to return to the U.S. for a deposition as you have
> demanded   he simply does not have the money for it, and even if he did,
> he could not afford to leave his job for the time it would take to
> travel here from China and back.
>
> 3. I asked Joe to provide an affidavit to attest to this situation, and
> he has sent it to me. I will provide it if you would like it.
>
> 4. I have not yet received his responses to your interrogatories and
> request for production. My feeling is that all of this is premature
> given that there is not a final judgment in the case since it is still
> on appeal and it is not at all clear who, in the end, will end up owing
> funds to anyone else.
>
> 5. If there is an actual need for information on his finances for some

current purpose, let me know and I can provide it informally. If you can justify a demand for doing it formally, despite the fact that Joe has no assets to seize, we could always do a telephonic deposition. (Surprisingly, telephone quality from here to China works quite well, though the mail system takes forever.) But I would rather not do that unless there is a legitimate reason to do so at this time, which, given his lack of assets and the non-final nature of the litigation.

6. Perhaps I am wrong that your attempts at execution of his non-existent assets are merely a form of retaliatory harassment. I'm ready to file a motion to quash if there is no legitimate reason to require him to go through this, given there are no assets and the case is still on appeal. But before we get there, please consider these points and whether, if there is some need for information now, we cannot provide it informally instead. Thanks.