**Subject:** Re: Attempts at execution
**From:** "David C. Crosby" <crosbylaw@gci.net>
**Date:** Fri, 18 Jan 2008 16:07:18 -0900
**To:** Doug Mertz <dkmertz@ak.net>
**CC:** Peggy Cowan <cowanp@jsd.k12.ak.us>, Deborah Morse <morsed@jsd.k12.ak.us>, Ann Gifford <agifford@faulknerbanfield.com>, Jeff Bush <jbush@akpei.com>, Tim Allen <tim_allen@ci.juneau.ak.us>, Eric Hagen <ehagen@kirkland.com>

Doug:

The best way to handle this is for your client to comply with the Federal Rules and respond to the discovery requests.

I am not interested in your informal characterizations of his present circumstances or an affidavit or declaration from your client, unless it addresses and fully responds to my discovery requests.

I am flexible on a deposition date, but must insist on receiving timely written answers to my interrogatories and requests for production first. As you know, these are due on Friday.

Your client chose the forum and chooses to pursue this litigation despite losing in the Supreme Court and having his remaining claims dismissed by the district court as moot. If he has the financial wherewithal to attend high profile Supreme Court proceedings and to return to Juneau for Fourth of July Parades and publicity appearances, he can make himself available for the normal discovery contemplated by the federal rules, just like any any other litigant.

If you feel you have grounds for a protective order, by all means make your motion to Judge Sedwick.

David


On 1/18/08 3:36 PM, "Douglas Mertz" <dkmertz@ak.net> wrote:

> David, it is time for us to discuss where you are headed in your attempt
> to execute against Joe Frederick's assets. These are the points I'd like
> your clients to consider:
>
> 1. Joe is unable to pay anything now. His monthly salary as a teacher in
> China is only $650 (US) per month, which covers his living expenses,
> tuition for university courses, and books, with nothing left over. He
> does not have any other assets, in China or the U.S. or elsewhere. It
> appears that all his income is well within the amount protected from
> execution, even if you could find a way to levy on it in China.
>
> 2. He is unable to return to the U.S. for a deposition as you have
> demanded he simply does not have the money for it, and even if he did,
> he could not afford to leave his job for the time it would take to
> travel here from China and back.
>
> 3. I asked Joe to provide an affidavit to attest to this situation, and
> he has sent it to me. I will provide it if you would like it.
>
> 4. I have not yet received his responses to your interrogatories and
> request for production. My feeling is that all of this is premature
> given that there is not a final judgment in the case since it is still
> on appeal and it is not at all clear who, in the end, will end up owing
> funds to anyone else.
>
> 5. If there is an actual need for information on his finances for some

current purpose, let me know and I can provide it informally. If you can justify a demand for doing it formally, despite the fact that Joe has no assets to seize, we could always do a telephonic deposition. (Surprisingly, telephone quality from here to China works quite well, though the mail system takes forever.) But I would rather not do that unless there is a legitimate reason to do so at this time, which, given his lack of assets and the non-final nature of the litigation.

6. Perhaps I am wrong that your attempts at execution of his non-existent assets are merely a form of retaliatory harassment. I'm ready to file a motion to quash if there is no legitimate reason to require him to go through this, given there are no assets and the case is still on appeal. But before we get there, please consider these points and whether, if there is some need for information now, we cannot provide it informally instead. Thanks.