UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Joseph Frederick, | Case Number J02-0008 CV (JWS) |
| Plaintiff, | DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO QUASH DEPOSITION NOTICE AND FINANCIAL DISCOVERY AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO COMPEL DISCOVERY |
| v. | |
| Deborah Morse, et al., | |
| Defendants. | |

I.  INTRODUCTION.

In 2002, plaintiff, who was then a senior at Juneau-Douglas High School, was disciplined for displaying a banner emblazoned "Bond Hits 4 Jesus" at a school-sponsored and supervised event in violation of school district policies against displaying materials deemed to advertise or advocate use of illegal drugs. He sued the principal and school board in the United States District Court for the District of Alaska alleging that his freedom of speech under the federal and state constitutions had been violated, and seeking unspecified compensatory and punitive damages, as well as injunctive and declaratory relief.

This Court, per Sedwick, J., dismissed plaintiff's claims. Docket Nos. 29, 31, 32. The Ninth Circuit Court of Appeals reversed on federal law grounds, but the United States Supreme Court reversed the Ninth Circuit, Morse

v. Frederick, 551 U.S. _, 127 S.Ct. 2618, 1-68 L.Ed.2d 290 (2007), and on June 25, 2007, awarded costs to the defendants in the amount of $2,836.94.

On remand to this Court, on October 10, 2007, Judge Sedwick dismissed plaintiff's remaining claims as moot and awarded defendants $2,124.53 in costs. Docket No. 74, 76. Plaintiff once again appealed to the Ninth Circuit Court of Appeals, but made no attempt to supersede the judgments against him, totaling $4,961.67, plus interest, as provided for in Rule 62.

Defendants then served interrogatories (Attachment A) and requests for production (Attachment B) pursuant to Rule 69, and noted plaintiff's deposition in Juneau for February 1, 2008. Plaintiff waited until time had expired for responding to the paper discovery and then filed this motion.

Arguing that "judgment is not final" in this case and that any attempt to employ the civil rules to obtain financial information from him is a form of harassment, plaintiff seeks an order quashing discovery.

II.    ARGUMENT.

    A.    The Court Should Compel Responses to Discovery Under Rule 69, Unless Plaintiff Files a Supersedeas Bond.

The mere fact that the plaintiff has chosen to prolong this five-year old dispute with yet another, frivolous appeal does not mean that the judgments for costs, entered against him both by this Court and the United States Supreme

2

Court, are not final. The cost judgment entered by the United States Supreme Court is clearly final and not subject to further review. The October 10, 2007, judgment of this Court was final upon entry. Enforcement was stayed automatically for ten days pursuant to Rule 62(a), but thereafter, if plaintiff wished to avoid execution he was required to file a supersedeas bond or other security pursuant to Rule 62(d). Unless and until plaintiff provides such security, the defendants have a clear right, expressly granted in Rule 69, to employ the discovery rules to obtain financial information in support of their efforts to enforce their rights under the judgments.

Counsel for plaintiff waited until the day on which responses to the written discovery requests were due (January 18, 2008) before contacting the undersigned with his proposal to provide the requested discovery information "informally." The defendants are not required to accept counsel's offer to provide information "informally" outside the judicially binding discovery process. Nor are defendants required to accept plaintiff's affidavit responding vaguely and selectively to only a few of the discovery requests.[1]

---

[1] For example, in his purported Chinese affidavit, plaintiff refuses to identify his residence, other than "the People's Republic of China;" he does not provide his social security number, or information on the bank account that he admits he maintains in China; he does not indicate whether he has applied for or received Alaska Permanent Fund dividends; he states that he has no "current assets," but does not answer the question about his right to receive royalties

3

B.  Defendants Have Continued Plaintiff's Deposition Pending Receipt of Responses to Paper Discovery.

Although plaintiff represents that appearing for a deposition would impose a financial hardship upon him, he is able to return to this country when it suits his purposes to promote his view of the litigation.[2] It is only when the plaintiff is required to comply with the rules applicable to other litigants that he finds it inconvenient to leave his sanctuary in China. Plaintiff selected the Alaska District as the forum in which to litigate and cannot now complain that appearance in this jurisdiction in response to discovery would work a hardship on him. Yoskawa Elec. Corp. v. Kollmorgan Corp., 201 F.R.D. 443 (N.D.Ill. 2000); Costanza v. Monty, 50 F.R.D. 75, 76 (E.D. Wisc. 1970). See generally J. Grenig & J. Rinsler, Handbook of Federal Discovery and Disclosure § 5.71 (2nd Ed. 2002).

It may be that full and candid responses to the written discovery will obviate any need for a deposition, although plaintiff's track record does not give

---

(footnote 1 cont'd)   from the sale of his "life story" to Paramount Pictures and MTV. See Attachment C.

The foregoing is by way of example only and not meant to imply that response to the questions listed in this footnote would constitute full compliance with the discovery requests.

[2]   See Attachment D.

cause for optimism.[3] The undersigned is also willing to conduct such a deposition, if necessary, by videotape and telephonically, provided that responses to the written discovery requests have been received and plaintiff bears the additional expense of arranging such a deposition in the Republic of China.

III.   CONCLUSION.

For the foregoing reasons, the defendants respectfully request that this Court (1) deny plaintiff's motion to quash, and (2) order the plaintiff to provide responses to the defendants' written discovery requests within 30 days. Since responses were not provided in a timely fashion, plaintiff's right to object has been waived. Richmark Corp. v. Timber Falling Constituents, 959 F.2d 1468, 1473 (9th Cir. 1992). Accordingly, the order should require that plaintiff's responses provide all the information requested.

---

[3]   During the trial phase before this Court, plaintiff repeatedly failed to provide any information concerning his alleged damages -- either pursuant to initial disclosures in formal discovery requests -- despite repeated assurances by plaintiff's counsel that the information would be forthcoming.

5

Defendants will continue the notice of deposition pending receipt of plaintiff's responses to written discovery requests. Attachment E.

DATED this 25 day of January, 2008, at Juneau, Alaska.

/s/ David C. Crosby
David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Phone: (907) 586-6262
E-mail: crosbylaw@gci.net
Alaska Bar No. 7106006

Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, a copy of the foregoing document, Defendants' Notice of Deposition Continuance and proposed Order Compelling Discovery were served electronically on: Douglas Mertz, 319 Seward Street, Suite 5, Juneau, AK 99801.

/s/ David C. Crosby
David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Phone: (907) 586-6262
E-mail: crosbylaw@gci.net
Alaska Bar No. 7106006

OppositionMotionQuash.JSD

6

## Attachments

A    Defendants' Interrogatories to Judgment Debtor, dated 12/19/2007.

B    Defendants' Request for Production of Documents in Aid of Execution, dated 12/19/2007.

C    "Paramount, MTV take 'Bong Hits'" – Variety Web Magazine, 10/21/2007

D    "Juneau Celebrates Freedom on Fourth," Juneau, Alaska Empire, dated 7/5/2007.

E    Defendants' Notice of Deposition Continuance, dated 1/23/2008.