Law Office of Douglas K. Mertz
319 Seward Street, Suite 5
Juneau, Alaska 99801
(907) 586-4004
(907) 586-4141 [fax]
dkmertz@ak.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH FREDERICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEBORAH MORSE and the JUNEAU ) <br> SCHOOL BOARD, ) <br> ) <br> Defendants. ) <br> _____ ) | No. JO2 008 CV (JWS) |

**OPPOSITION BY PLAINTIFF TO DEFENDANTS' CROSS-MOTION
TO COMPEL DISCOVERY**

Plaintiff has moved to quash pending discovery by defendants. Defendants have cross-moved to compel plaintiff to comply with that discovery. Plaintiff opposes the motion to compel. Defendants' motion, like its tactics, is based on inaccurate information and can only be seen as premature and calculated solely to punish and harass the plaintiff.

Plaintiff's motion to quash showed facts that the defendants have not rebutted:
*** The case is far from over. It is now on appeal to the Ninth Circuit; if successful, Mr. Frederick will be able to pursue both federal and state causes of action; if he succeeds he will be entitled to either full fees under 42 U.S.C. Sec. 1988 or partial attorney fees under state law, in addition to substantial damages. Hence by the time this case ends, the defendants may owe the plaintiff substantially more money than the relatively small amount at issue here.

1

\*\*\* The plaintiff cannot appear in Juneau for a deposition. Defense counsel does not deny that Mr. Frederick lives in China and makes only a subsistence salary as a teacher. Instead, he complains that Mr. Frederick's affidavit did not supply social security numbers and bank account numbers. The point of the affidavit was to show that he cannot afford to come to Juneau, not to serve as a substitute for discovery. There is nothing to contradict the fact that Mr. Frederick cannot afford to come.

\*\*\* Defense counsel repeats his unfounded claim that Mr. Frederick could afford to come to Juneau last summer, so he can afford it now. This ignores the undersigned's affidavit that Mr. Frederick's appearance in the Juneau Fourth of July Parade was the result of fundraising by local citizens and was not paid for by Mr. Frederick.

\*\*\* Plaintiff offered to do a deposition by telephone, despite the fact that we think discovery is not justified until the case is over; defense counsel's response is to agree but only if Mr. Frederick bears the expense of videotaping it and paying for the phone call. There is no reason for the expense of a deposition to be shifted to a party who cannot appear due to lack of funds. Moreover, there is no reason to require the party to videotape a deposition that is not going to be played at a trial, since it is only for the purpose of examining his assets, not for any trial purposes.

\*\*\* Plaintiff offered to supply answers to the written discovery but because he is in China and much of his records are in the U.S., it is a slow process; defense counsel acts as though this problem does not exist. We also offered to supply informal answers if there was a need for speed, but defense counsel has spurned the offer. If the discovery goes forth at all – and we maintain it should not until there is a final judgment – the difficulty of answering all questions from the other side of the world should be taken into account.

\*\*\* Defense counsel also makes a false allegation that Mr. Frederick failed to provide information on damages during the trial discovery phase. This if flat wrong as well as irrelevant. Counsel also tosses in the allegation that the appeal is frivolous. This statement has no foundation and is flat wrong as well. Both statements should be ignored.

We are unaware of any attorney who would attempt to collect a not-yet-final judgment while a case is still pending. While some litigants might attempt such a tactic out of a desire to punish the opposing party, it should not be countenanced until the case is over, and should never be done in such a way that its purpose is to harass and punish.

All of these facts lead to the conclusions that a) the discovery is premature since we are many months from a final judgment and the calculation of who owes what to whom may well be reversed; b) despite this, Mr. Frederick has made an offer to do the deposition by phone and provide written answers when he can, but defense counsel claims this is inadequate; and therefore, c) the only possible conclusion is that this discovery is, at this time, done solely for the improper purpose of harassing and punishing a civil rights plaintiff. It should not be permitted until the case is actually over.

Dated: February 6, 2008

/s/ Douglas K. Mertz
_____
Law Office of Douglas K. Mertz
319 Seward Street, Ste 5
Juneau, Alaska 99801
907 586-4004
907 586-4141 [fax]
dkmertz@ak.net [email]
Alaska Bar No. 7505027

Attorney for Joseph Frederick

**Certificate of Service**

I hereby certify that on this date a copy of this pleading and the attached proposed order were served on counsel for the defendants, David Crosby, by electronic means through the District Court ECF system.

Date: February 6, 2008

/s/ Douglas K. Mertz
_____