UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Joseph Frederick,<br>　　　　Plaintiff,<br><br>　　v.<br><br>Deborah Morse, et al.,<br>　　　　Defendants. | Case Number J02-0008 CV (JWS)<br><br>DEFENDANTS' REPLY MEMORANDUM<br>IN SUPPORT OF CROSS-MOTION<br>TO COMPEL DISCOVERY |

All plaintiff is being asked to do at the moment is to provide responses to written discovery requests regarding his ability to pay the judgments against him. No writ of execution is being sought at this time. If he responds to the discovery fully and candidly,[1] there will be no need for a deposition – either here or in China.

Plaintiff repeats his assertion that the judgments against him are not "final," and that he hopes to prevail at a later stage of the litigation. So do all appellants – even ones that have not lost in the United States Supreme Court and had their remaining claims dismissed as moot – but a notice of appeal does not stay execution absent the filing of a supersedeas bond, and plaintiff has cited no authority that would relieve him of the minimal burden of complying

---

[1] Plaintiff did not respond or object to defendants' correct statement of the law that his right to object has been waived by his failure to respond or seek an extension of time within the period allowed by the rules. Accordingly, the Court's order should require full responses, without objection.

with Rule 69. See Heppinstall v. Darnall Kemna & Co., Inc., 851 P.2d 78 (Alaska 1993).

Plaintiff has had no difficulty finding the resources to prolong this litigation for six years. His own fees and costs, as well as the expense of vacations in Juneau, are apparently being defrayed by his attorneys, friends and supporters. Meanwhile, the defendants have borne the disruption and considerable expense of this litigation, as well as the threat of punitive damages in the case of Principal Deb Morse. It is apparently plaintiff's view that the nature of his claims (notwithstanding their rejection by the Supreme Court) somehow suspends the rules applicable to other litigants and renders any effort to compel compliance "harassment."

Plaintiff claims to have offered to provide written answers "when he can."[2] He was able to get an affidavit to his attorney pleading poverty well within the time allowed for responses to defendants' discovery – but neglected to provide such basic information requested in the interrogatories as his address, place of employment, social security number, the royalty arrangements for

---

[2] Plaintiff asserts that defendants' representation that he failed to comply with discovery requests in the past is "flat wrong." Lest the Court be left with the false impression that defendants have misrepresented the facts or unfairly impugned plaintiff or his counsel, attached are two e-mails (Exhibits A and B), to which no response was received,

2

selling his "life story," etc. The problem is not logistics or expense – plaintiff just does not want to provide the information.

As of this writing, plaintiff will have had roughly 75 days to consider his answers. Defendants propose to allow another 30 days from the date of the Court's order, giving him roughly three months to comply with the Rules. That is more than enough.

DATED this 8th day of February, 2008, at Juneau, Alaska.

/s/ David C. Crosby
David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Phone: (907) 586-6262
E-mail: crosbylaw@gci.net
Alaska Bar No. 7106006

Attorney for Defendants


CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, a copy of the foregoing document, Defendants' Reply Memorandum in Support of Cross-Motion to Compel Discovery was served electronically on: Douglas Mertz, 319 Seward Street, Suite 5, Juneau, AK 99801.

/s/ David C. Crosby
David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Phone: (907) 586-6262
E-mail: crosbylaw@gci.net
Alaska Bar No. 7106006