IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH FREDERICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEBORAH MORSE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. J02-0008 CV (JWS) |

<u>ORDER RE. MOTION TO QUASH DEPOSITION NOTICE<br>AND FINANCIAL DISCOVERY</u><br>and<br><u>ORDER RE. CROSS-MOTION TO COMPEL DISCOVER</u>

On January 22, 2008, plaintiff filed a Motion to Quash Deposition Notice and Financial Discovery. Plaintiff was in receipt of interrogatories and requests for production from defendant, which were signed by defendant's counsel on December 19, 2007; he was also apparently in receipt of a Notice that his deposition would be taken on February 1 in Juneau.

In responding to the Motion to Quash, defendant filed a brief Opposition along with a Cross-Motion to Compel Discovery, both filed on the 25th of January. The Memorandum in support of those pleadings indicated that defendants "will continue the notice of deposition pending receipt of plaintiff's responses to written discovery requests." Thus at the present time there is no deposition scheduled.

Briefing on the Cross-Motion to Compel Discovery is now complete and the motions

1

are ready for decision.

## DISCUSSION

The Interrogatories to Judgment Debtor inquire in detail into plaintiff's financial circumstances. Plaintiff has been ordered to pay defendants a total of $4961.67 for their costs incurred in various stages of this litigation. Two separate orders were entered, one on June 25, 2007 and one on October 10, 2007. No request for a stay of proceedings to enforce those money judgments has been filed by plaintiff. FRCP 62(d) provides that, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, ... The stay takes effect when the court approves the bond."

Defendants are presently in the position of being able legally to execute on their judgment(s) for costs. In order to be able as a practical matter to execute on them, they have submitted discovery requests to plaintiff. This they are entitled to do.

FRCP 37 states that a party may move for an order compelling another party to respond to discovery. Subparagraph (a)(1) further states that, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." No such certification appears in defendant's motion. Instead, each party freely relates its grievances with the other. That accomplishes nothing.

So that the parties know how they are to proceed from here, however, a decision will be made with respect to the pending discovery.

## DECISION

The Motion to Quash the Deposition is moot, as defendants have indefinitely continued plaintiff's deposition pending receipt of discovery from him. Hence that motion

is denied, with leave to renew should the deposition get re-noticed. If it does, it is unlikely that plaintiff would be ordered to travel to Juneau for a deposition or to pay the costs of a video/telephonic deposition. There are multiple reasons for that, among which are the fact that the information sought can be obtained through other discovery means and that the costs are likely prohibitive.

With respect to the Motion to Compel Discovery, it is granted as follows:

Plaintiff shall respond to Interrogatories No. 5 though No. 24 within thirty days. As the money judgments were not entered until calendar year 2007, the Interrogatories containing dates shall be for the period January 1, 2007 to the present.

Plaintiff shall produce the items sought in Request for Production No. 1 through No. 8 within thirty days, covering the same time period. If the items requested are not presently in his possession, he must make reasonable efforts to obtain those items and produce them or to supply defendants with a signed Release so that they may obtain them directly from the holder of the document(s).

Dated at Ketchikan, Alaska the 14th day of February, 2008.

**REDACTED SIGNATURE**

Mary E. Guss/US Magistrate Judge